13 CIV 7365

GARBARINI FITZGERALD P.C.
Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
420 Lexington Ave.
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiffs and the Putative Class*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LEANDRO CASTRO, on behalf of
himself and all other similarly situated
employees, and ASHLEY CHAVOUS, on behalf of
herself and all other similarly situated
employees,

Plaintiffs,

v.

RICHARD SHRAGER, PAPA EXPRESS INC.,
RICH FOODS 37, LLC and PAPA FRESH INC.,

Defendants.

-------------------------------------------------------------x

Case No.:

ECF CASE

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

Plaintiffs LEANDRO CASTRO and ASHLEY CHAVOUS, individually and on behalf of

all other similarly situated employees, by and through their attorneys at GARBARINI

FITZGERALD P.C., allege, upon personal knowledge as to themselves and upon information and

belief as to other matters, as follows:

## NATURE OF THE ACTION

1.     Defendant RICHARD SHRAGER owns and operates numerous quick services restaurants ("QSRs") that are run as a single unified entity.  Those QSR's commonly referred to as "fast food restaurants" are Defendant RICH FOODS 37, LLC which owns and operates a joint Papa John's//Subway Sandwich Shop franchisee restaurants located at 12 East 37th Street, New York, New York, Defendant PAPA EXPRESS INC. which owns and operates a Papa John's Pizzeria located at 1732 Second avenue in the City and County of New York, and PAPA EXPRESS INC. which owns and operates a joint Papa John's/Subway Sandwich Shop located at 594 Amsterdam Avenue, New York, New York.

2.     The joint Subway Sandwich/Papa John's Pizzerias share, among many other things, the same physical space, workers, inside and outside facilities, soda, garbage removal and management.  In fact, the Papa John's delivery workers, including Plaintiff Castro, delivered both Papa John's and Subway sandwiches on a single delivery run.

3.     Plaintiff Castro was classified as a delivery person working at the Papa John's/Subway located at 13 East 37th Street.  Castro worked up to 48 hours per week at a regular rate of pay below minimum wage ($5.00 per hour) and without being paid overtime. This violates the Federal and New York State Minimum and Over-time Wage laws.

4.     While classified as a delivery person, Plaintiff Castro worked more than half of each shift on non-tipped duties including, but not limited to: filling the soda machine for the joint restaurant, washing dishes, sweeping and moping the joint restaurant interior and exterior, making pizza boxes, cutting pizza, cleaning the joint bathroom, answering phones, taking orders, and getting food from the walk-in refrigerator.

2

5.      Defendants are not entitled to the tip-credit under the Fair Labor Standards Act ("FLSA") and/or New York Labor Law.

6.      Defendants also required Plaintiff CASTRO and all delivery employees launder their own uniforms, purchase and repair the bicycle used for deliveries, and purchase their helmets without reimbursement.

7.      Defendants charge $1.50 per delivery as a "service charge" but fail to properly identify the "service charge", fail to give receipts letting the consumer know of the service charge.  In fact, Defendants do not give receipts to the at-home or office customer.  The "service charge" is a gratuity or tip, and the Defendants impermissibly retained these tips.

8.      Plaintiff CHAVOUS was originally hired as a cashier and was promoted to "manager".  CHAVOUS worked up to 50 hours per week but was not paid overtime for any hours worked over 40 in violation of the FLSA and New York Labor Law.

9.      Both Plaintiffs, and all other hourly employees of Defendants, were subject to the same policy and procedure of Defendants whereby they were required to work "off the clock." Plaintiffs also had hours deducted from their clocked weekly time and corresponding pay.  Both Plaintiffs, and all other hourly employees of Defendants, were deprived of any spread-of-hours pay, required by New York law and were not allowed to take breaks.

10.     This action is brought to recover, inter alia, all service charges, unpaid minimum and over-time wages, and spread-of-hours pay owed to Plaintiffs and all other similarly situated current and former employees of Defendants as well as injunctive and declaratory relief against Defendants' unlawful actions, plus interest, attorneys' fees and costs.

11.     Plaintiffs also bring this action for unpaid wages, including but not limited to unpaid minimum and overtime wages, pursuant to the New York Labor Law Article 6, § 190 *et*

3

*seq.* and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C.

§216(b), 28 U.S.C. § 1331 and 1337 (federal question) and 28 U.S.C. § 2201 (declaratory

judgment).

13.     This Court has supplemental jurisdiction over the New York State law claims

pursuant to 28 U.S.C. § 1367, as they are so related to the claims over which this Court has

original jurisdiction that they form part of the same case or controversy under Article III of the

United States Constitution.

14.     At all times relevant to this Complaint, Plaintiffs and Defendants were engaged in

commerce and/or the production of goods for commerce within the meaning of 29 U.S.C.

§§ 206(a) and 207(a).

15.     Defendants earned in excess of $500,000 per year.

16.     The statute of limitation under the FLSA for willful violations is three years

pursuant to 29 U.S.C. § 255(a).

17.     The statute of limitation under the New York Labor Law is six years pursuant to

New York Labor Law § 198(3).

18.     Plaintiffs have consented in writing to be a party to this action, pursuant to

29 U.S.C. § 216(b).

19.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391(a) as the residence of both Plaintiffs and Defendants and the forum which all of the

operable facts took place.

## PARTIES

20.     Plaintiff LEANDRO CASTRO is a resident of Manhattan and was employed by Defendants as a delivery-person from in or about May of 2013 until August of 2013.

21.     Plaintiff ASHLEY CHAVOUS is a resident of Manhattan and was employed by Defendants as a delivery-person from in or about December of 2012 until August of 2013.

22.     Upon information and belief, Defendant RICHARD SHRAGER ("SHRAGER") is the sole owner of the corporate Defendants.

23.     Defendant RICH FOODS 37, LLC is a New York limited liability company and owns and operates a joint Papa John's Pizzeria/Subway Sandwich Shop located at 12 East 37th Street, New York, New York.

24.     Defendant PAPA EXPRESS INC. is a New York Corporation and owns and operates a Papa John's Pizzeria located at 1732 2nd Ave, New York, New York.

25.     Defendant PAPA FRESH INC. is a New York Corporation and owns and operates the joint Papa John's Pizzeria/Subway Sandwich Shop located at 574 Amsterdam Avenue, New York, New York.

26.     Corporate Defendants RICH FOODS 37, LLC, PAPA EXPRESS INC. and PAPA FRESH INC. are collectively referred to here as the "RESTAURANTS."

27.     At all relevant times, Defendant SHRAGER maintained and continues to maintain control, oversight, and direction over the day-to-day operation of the RESTAURANTS facilities, including its employment practices.

28.     Defendant SHRAGER works 4-5 hours per day out of the 12 East 37th street Papa John's/Subway location, and directs all activities of the corporate entities out of that location.

## CORPORATE DEFENDANTS ARE A UNIFIED EMPLOYER

29.     The corporate defendants function as a single unified entity.

30.     The combined Papa John's and Subway shops function as a single entity under the ownership and guidance of Defendant SHRAGER.  There is a single door, a single bathroom, a single soda machine and the signage for each restaurant is so co-mingled that they appear to the public as a joint entity.

31.     The employees designated for the Papa John's side clean the Subway Sandwich side and the joint bathroom and floor, refill the joint soda machine and even deliver Subway sandwiches.

32.     Defendant SHRAGER makes all decisions at the unified corporate entity.

33.     The human resource, accounting and ownership interests are identical at each of the corporate Defendants.

34.     There is also a single Manager that assists SHRAGER run the day-to-day operations of the combined entity.


## FACTS SPECIFIC TO PLAINTIFF LEANDRO CASTRO

35.     Plaintiff CASTRO was hired in or about May 2013 to work at the Papa John's/Subway Restaurant located at 13 East 37th Street in the City and County of New York.

36.     His employment was terminated in or about August 2013.

37.     Plaintiff CASTRO was paid $5.00 per hour as a delivery worker which is below the $5.65 per hour rate required by New York State for tipped non-food service employees.

38.     CASTRO worked up to 48 hours per week, often working off-the-clock.

39.     Plaintiff was frequently called into work and sent home without being paid.

6

40.    Defendants frequently broke Plaintiff CASTRO's daily shift into multiple parts, forcing him to wait 3 to 4 hours without pay.

41.    When Plaintiff Castro was not delivering pizza, which was the majority of the time he was at the QSR, he was required to fill the soda machine for the joint restaurant, wash dishes, sweep and mop the joint restaurant interior and exterior, make pizza boxes, cut pizza, clean the joint bathroom, answer phones and take orders, get food from the walk-in refrigerator, as well as many other non-tipped duties.  CASTRO would also close the restaurant which would require breaking down all work stations and cleaning the restaurants.

42.    Plaintiff CASTRO was not paid over-time for any hours worked over 40.

43.    As a delivery person, CASTRO was required to purchase his own bike, pay for his own repairs, and purchase a helmet and reflectors without reimbursement.

44.    Plaintiff Castro was required to launder his own uniform.

45.    Defendants are not entitled to the New York State or Federal tip credit.

46.    CASTRO was not paid spread-of-hours pay for any day he worked 10 or more hours.

47.    On a daily basis Plaintiff CASTRO was forced to work before he clocked-in and/or after he clocked out for the day.

48.    At times, supervisor Deeana Rivera would clock employees in and out for the day, and would manipulate the daily hours by clocking in Castro well after he arrived and before he left.  Rivera would also subtract hours from the clocked time of Plaintiff Castro.

49.    This is ironic being that even though Ms. Rivera was a salaried employee, she would require other supervisors and managers clock her in and out for shifts she did not work. Ms. Rivera did this to give the impression she was working far more hours than she was present.

7

50.     Another Supervisor, Mr. Charithma, would clock CASTRO out hours before his shift ended because Charithma had to leave to make the ferry to Staten Island.

51.     CASTRO would close the restaurant which would take until 2:00 and sometimes 3:00 am.  Charithma would clock CASTRO out at 11:30 pm.

52.     Defendants impermissibly retained gratuities in violation of New York Labor Law Section 196(d).  Defendants failed to adequately identify the $1.50 charge per delivery as a service charge.  Defendants failed to give receipts identifying the charge in 12 pt font as a service charge.  In fact, Defendants did not provide receipts to customers.

53.     The $1.50 charge is a tip or gratuity and should have been passed on to Plaintiff.

54.     Defendants would routinely schedule CASTRO to work a shift only to send him home without pay because the Restaurant was not busy.

55.     Defendants would also require CASTRO clock-out for hours at a time during his shift because the QSR was slow.

### PLAINTIFF ASHLEY CHAVAVOUS' ALLEGATIONS

56.     Plaintiff CHAVOUS was hired in or about December of 2012 as a cashier at Defendants' Papa John's/Subway restaurant located at 13 East 37th Street in the County of New York.

57.     Her employment was terminated in or about August of 2013.

58.     From December 2012 through February 2013, CHAVOUS worked as a cashier at the rate of  $7.50 per hour.

59.     On a daily basis CHAVOUS was required to work "off the clock".  The Manager of all of corporate Defendants "Fabiola" would clock Plaintiff in and out for the day, reducing Plaintiff CHAVOUS's hours and her rate of pay below minimum wage.

8

60.    The reduction in hours also brought Plaintiff's hours below 40.

61.    In addition to working "off the clock" hours, Fabiolla and/or Supervisor Deeana Rivera, at the express direction of SHRAGER, would reduce the weekly clocked hours.

62.    This deduction substantially reduced Plaintiff's rate of pay below minimum wage and insured Plaintiff was not paid for any hours worked in excess of 40.

63.    CHAVOUS worked 50-60 hours per week during this period.

64.     In or about February of 2013, Plaintiff CHAVOUS was "promoted" and her rate of pay was increased to $8.50 per hour.

65.    The "off the clock" hours and deduction of hours per week continued during this period.

66.    Plaintiff CHAVOUS's effective rate of pay was brought below minimum wage and she was not paid over-time for any hours worked in excess of 40.

67.    Plaintiff worked more than 10 hours in every shift she worked but was never paid spread-of-hours pay.


**CLASS AND COLLECTIVE ALLEGATIONS**


68.    Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated employees employed at or by Defendants from  September 29, 2010 through the trial of this action who elect to opt-in to this action (the "FLSA Collective")

69.    Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.  Upon information and belief, there are many similarly situated current and former

9

employees of Defendants who have been underpaid in violation of the FLSA who would benefit

from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join

in the present lawsuit.  Those similarly situated employees are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

70.     Plaintiffs also bring New York Labor Law claims on behalf of themselves and a

class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all hourly

employees at Defendants from September 29, 2007 through the January 1, 2014." (the "Rule 23

Class").

71.     The persons in the Rule 23 Class identified above are in the hundreds, perhaps

thousands, and are so numerous that joinder of all members is impracticable.  Although the

precise number of such persons is unknown, the facts on which the calculation of that number

can be based are presently within the sole control of the Defendants.

72.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

73.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

74.     Defendants have acted or have refused to act on grounds generally applicable to

the Plaintiffs and the Rule 23 Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Rule 23 Class as a whole.

75.     There are questions of law and fact common to the Plaintiffs and the Rule 23

Class that predominate over any questions solely affecting individual members of the Rule 23

Class, including but not limited to:

(a) whether Defendants failed to keep true and accurate time records for all hours worked
by Plaintiff and the Rule 23 Class;

(b) what proof of hours worked is sufficient where employer fails in its duty to maintain
true and accurate time records;

10

(c) whether Defendants failed to compensate Plaintiffs and the Rule 23 Class in accordance with federal and state minimum wage laws and for work performed in excess of 40 hours per work-week with proper over-time wages as required by law;

(d) whether Defendants have failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(e) whether Defendants required the Plaintiffs and the Rule 23 Class to work through their breaks with no pay;

(f) whether Defendants impermissibly retained gratuities;

(g) whether Defendants impermissibly required Plaintiffs and the Rule 23 Class to purchase and lauder their uniforms and/or purchase a bicycle, repairs, helmet, reflectors and safety gear; and,

(f) the nature and extent of Plaintiff and the Rule 23 Class-wide injury and the appropriate measure of damages for the class.

76.     The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the Rule 23 Class work or have worked for Defendants and have not been paid their minimum and over-time wages for the hours that they have worked in excess of 40 hours per week; and worked through their breaks with no pay.  Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

77.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

78.     Plaintiffs have retained counsel competent and experienced in complex class actions and in employment litigation.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously

prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23

Class have been damaged and are entitled to recovery as a result of Defendants' common and

uniform policies, practices, and procedures. Although the relative damages suffered by

individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

*Defendants' General Employment Practices Applicable to the Plaintiffs and All Similarly
Situated Employees*

80.      At all relevant times, Defendants were the Plaintiffs and Putative Class's

employers within the meaning of the FLSA and New York Labor Law. Defendants had the

power to hire and fire Plaintiffs and the Putative Class, control their terms and conditions of

employment, and determine the rate and method of any compensation in exchange for Plaintiffs

and the Putative Class's services.

81.      All decisions complained of here came directly from defendant SHRAGER.

82.      Defendant SHRAGER maintains an office at 12 East 37th street where he spends

between 4 and 5 hours per day directing the activities at each of the corporate Defendants.

83.      At all times relevant to this complaint, Defendants, at the direction of SHRGER,

maintained a policy and practice of requiring the Plaintiffs and all similarly situated employees

to work in excess of forty (40) hours per week without paying them appropriate minimum wage

and/or over-time compensation, or spread-of-hours compensation, as required by federal and

state laws.

84.     Defendants routinely obfuscated Plaintiffs and the Putative Class's hours by requiring "off-clock" work.

85.     Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated and current and former workers.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for his full hours worked.

88.     Defendants failed to inform Plaintiffs and the Putative Class that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

89.     Defendants failed to inform Plaintiffs and the Putative Class their tips would be credited towards the payment of the minimum wage.

90.     Defendants failed to maintain a record of tips earned by Plaintiffs and the Putative Class for the deliveries they made to customers.

91.     Plaintiffs and the Putative Class have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by *inter alia*, willfully denying them their earned tips and not paying them the wages they were owed for the hours they had worked.

92.     Defendants' pay practices resulted in Plaintiffs and the Putative Class not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

93.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and the Putative Class by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving delivery workers of a portion of the tips earned during the course of employment.

94.     Defendants unlawfully misappropriated charges purported to be gratuities, received by delivery workers in violation of New York Labor Law § 196-d (2007).

95.     Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

96.     Moreover, at all times Defendants required Plaintiff CASTRO and the Putative Class who were tipped employees such as delivery workers to perform the jobs of multiple employees in addition to their primary responsibility.  The majority of the tipped employees working day was spent on non-tipped related duties.  These additional, non-related, and non-tipped duties occupied more than two hours of each Plaintiffs and the Putative Class's workday.

97.     Defendants paid the Plaintiff CASTRO and the Putative Class at the lowered tip-credited rate, however, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y.C.R.R. § 146.

98.     Plaintiff CASTRO and the tipped Putative Class members were employed ostensibly as delivery workers (tipped employees) by Defendants, although their actual duties

included greater or equal time spent in non-delivery, non-tipped functions such as those outlined above.

99.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y. C. R. R. §§ 137-3.3, 137-3.4).  Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

100.    Plaintiff CASTRO and the Putative Class's duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including transportation of items between store locations, maintenance and cleaning, food preparation, receiving and storing deliveries, dishwashing and kitchen assistance.  While performing these duties, Plaintiffs and the Putative Class did not receive tips; therefore, they constitute non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff and the Putative Class worked in these roles.

101.    Since Plaintiff CASTRO and the tipped Putative Class members spent more than two hours of their workdays in non-tipped, non-delivery functions, Defendants were not entitled to take a tip credit with respect to their wages.

102.    In violation of federal law and state law as codified above, Defendants classified Plaintiff CASTRO and the Putative Class as tipped employees and paid them below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate for all the hours they worked.

103.    Defendants employed Plaintiff CASTRO and similarly situated delivery workers and required them to provide their own locks, chains, bicycles, and refused to compensate them or reimburse them for these expenses.

104.    Defendants did not provide Plaintiffs and the Putative Class with any break periods.

105.    Defendants failed to provide Plaintiffs and the Putative Class with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL § 195(3).

106.    Defendants failed to provide Plaintiffs and the Putative Class, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowance, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

107.    Upon information and belief, until this lawsuit was filed, Defendants did not post the notices required by the FLSA and NYLL and/or did not otherwise inform Plaintiff and the Putative Class of the requirements of the tip credit.

108.    Defendants have not informed Plaintiff and the Putative Class about the tip credit, or the employment laws generally, in Spanish or other languages spoken by the employees, even though other rules and guidelines are posted in Spanish.

109.    Defendants' policy, pattern and/or practice of paying Plaintiff and the Putative Class a tipped wage despite their substantial work unrelated to a tipped occupation and failing to maintain and/or preserve accurate records of the hours Plaintiff and similarly situated employees perform tipped work and/or non-tipped work, along with the corresponding wages received, for the purposes of determining pay, is a violation of the requirements of the FLSA and the NYLL.

## Illegal Deductions – "Tolls of the Trade" (Uniforms)

110.    Defendants required Plaintiffs and the Putative Class to purchase, launder and wear a Papa John's shirt, black pants, Papa John's hat, and/or Papa John's jacket, and to carry a Papa John's bag.

111.    Defendants would also deduct the costs for the Papa John's branded products from the Plaintiffs and pay.

112.    Plaintiffs and the Putative Class have not worn these articles of clothing as part of their ordinary wardrobe.

113.    The clothing items the Defendants have required Plaintiffs and the Putative Class to wear constituted a "required uniform" within the meaning of New York state labor

regulations, 12 N.Y.C.R.R. §§ 142-2.22, 146-3.10, and also continued a "uniform" for the purpose of federal law. 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

114.   Plaintiffs and other similarly situated employees have usually purchased these clothing items and have usually borne the costs of cleaning these clothing items.

115.   Under certain circumstances, the FLSA and the NYLL prohibits employers from requiring employees to purchase the tools-of-the-trade or give any money back to an employer such as a "kick-back." 29 C.F.R. § 531.35; NYLL § 198-b.

116.   Under the FLSA, deductions for tools of the trade must not bring an employee's wage below the minimum wage rate, and if taken, the amount of such deductions must be included for the purpose of calculating the employee's overtime rate. 29 C.F.R. § 531.36-37.

117.   The NYLL prohibits employers from making any deductions from any employee's wages except for those permitted by law, prohibits "kick-backs," and also specifics that the "minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer." NYLL §§ 193, 198-b, 12 N.Y.C.R.R. §§ 142-2.10, 146-2.7.

118.   The NYLL requires an employer to reimburse an employee for purchase of a required uniform, and pay a specified amount to reimburse the employee for cleaning his uniform. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7, 146-1.8.

119.   The FLSA specifies that costs related to purchase and cleaning of a "uniform" cannot be credited toward the minimum wage rate. 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

120.   Defendants' policy, pattern and/or practice of requiring that Plaintiffs and the Putative Class bear the costs of uniform laundering and charging Plaintiffs and the Putative Class for the purchase of uniforms, which brings Plaintiffs and the Putative Class' wages below the minimum wage rate, is a violation of the FLSA and the NYLL.

**Illegal Deductions – "Tools of the Trade" (Bicycles)**

121.    Defendants required Plaintiff CASTRO and the Putative Class to purchase their own tools of the trade including their own bicycles, helmets and reflectors in making deliveries for Defendants.

122.    Until this lawsuit was filed, Plaintiffs and the Putative Class bore all costs associated with the maintenance of the bicycles.

123.    Plaintiffs and the Putative Class generally leave the bicycles at the Restaurants' locations in which they work and do not use the bicycles for personal use.

124.    The bicycles used by Plaintiffs and the Putative Class are tools-of-the-trade that are specifically required for the performance of their duties.

125.    Defendants' policy, pattern and/or practice of requiring that Plaintiffs and the Putative Class bear the cost of a bicycle, helmet and reflectors and maintenance, brings Plaintiffs and the Putative Class' wages below the minimum wage rate, is a violation of the FLSA and the NYLL.

**No Spread-of-Hours Pay**

126.    The NYLL requires that employers pay an extra hour's pay at minimum wage rate if an employee's shift extends more than ten hours between start and finish. 12 N.Y.C.R.R. §§ 142-2.4, 146-1.6.

127.    Plaintiffs and the Putative Class regularly worked an interval over ten hours a day between start and finish.

128.    Defendants did not pay an additional hour at the minimum wage rate when Plaintiff and the Putative Class work an interval over ten hours a day.

19

129.    Defendants' policy, pattern and/or practice of failing to pay spread-of-hours is a violation of the NYLL.

## Defendants Do Not Provide Statutorily-Required Breaks

130.    The NYLL requires employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noonday meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.; and/or a forty-five minute (45) meal period at a time midway between the beginning and the end of the shift for employees whose shift lasts more than six hours and start between 1 P.M. and 6 A.M. NYLL § 162.

131.    Defendants have maintained a policy, pattern and/or practice of denying Plaintiffs and the Putative Class time off for meals in violation of NYLL § 162.

132.    Instead of receiving set break and meal times, usually Plaintiffs and the Putative Class have only been able to take a short rest between deliveries and when no other work is required.  Defendants required Plaintiffs and the Putative Class to return to work if there are deliveries to be made, or other work required.

133.    Defendants' policy, pattern and/or practice of routinely denying Plaintiffs and the Putative Class the right to take the statutorily required meal and rest breaks is a violation of the NYLL.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Minimum Wage)
### (Brought on Behalf of Plaintiffs and all FLSA Class Members)

134.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

135.    At all times during their employment, Plaintiffs  and the Putative Class were employed by Defendants from September 29, 2010 through January 1, 2014 and were required to be paid a minimum hourly wage for every hour worked for Defendants.

136.    Since on or about September 29, 2010 through the present, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 206 and §215(a)(2) by failing to pay the Plaintiffs and other similarly situated employees a minimum hourly wage.

137.    Defendants knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiffs and other similarly situated employees a minimum wage for every hour worked during the three year period preceding this lawsuit.  Accordingly, both named and represented Plaintiffs are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.


## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Over-time)
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

138.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

139.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

140.   At all times relevant, Plaintiff and the FLSA Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

141.   The over-time wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

142.   Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

143.   Defendants have failed to pay Plaintiff and the FLSA Class over-time wages to which they were entitled under the FLSA.

144.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

145.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

146.   As a result of Defendant's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201 et seq.

147.   As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### (New York Labor Law: Unpaid Minimum and Overtime Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

148.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

149.    At times relevant to this action, Plaintiffs and the Rule 23 Class were employees of Defendants who fall within the meaning of employer under the New York Labor Law.

150.    The minimum wage and over-time wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

151.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the over-time wages to which they were entitled under the New York Labor Law.

152.    By Defendant's failure to pay Plaintiffs and the Rule 23 Class Members minimum and over-time wages for hours worked and for hours worked in excess of 40 hours per week, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

153.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum and over-time wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and notice and an opportunity for class members, after the determination of class-wide liability and of individual back pay and interest, to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 19, §§ 650 et seq.

**FOUTH CAUSE OF ACTION**
**(Violation of the Notice and Recordkeeping**
**Requirements of the New York Labor Law)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Defendants failed to provide Plaintiffs and the Rule 23 Class with a written notice, in English and/or Spanish, of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

156.    Defendants are liable to the Plaintiff and the Rule 23 Class in the amount of $2,500, together with costs and attorney's fees

**FIFTH CAUSE OF ACTION**
**(Violation of the Wage Statement Provisions of the New York Labor Law)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

157.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

158.    Defendants did not provide Plaintiffs and the Rule 23 Class with wage statements upon each payment of wages, as required by NYLL § 195(3).

159.    Defendants are liable to the Plaintiffs and the Rule 23 Class in the amount of $2,500, together with costs and attorney's fees.

### SIXTH CAUSE OF ACTION
### (New York Labor Law Section 196(d))
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

160.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

161.    Defendants violated Section 196(d) of the New York Labor Law by accepting gratuities, received by Plaintiffs and the Rule 23 Class, or retaining any part of a gratuity or of any charge purported to be a gratuity for Plaintiffs or the Rule 23 Class.

162.    Defendants added a "service charge", "tip", "gratuity" leading customers to believe that the amount is to be passed on to the Plaintiffs and the Rule 23 Class.

163.    Defendants failed to clearly inform the customer that the Service Charge would not be forwarded to the Plaintiffs and the Rule 23 Class.

164.    Defendants failed to give receipts to its customers or failed to give receipts clearing stating the Service Charge did not go to the Plaintiffs and the Rule 23 Class in at least 12 point font.

165.    The forgoing constitutes a violation of Labor Law Section 196(d) and Plaintiffs and the Rule 23 Class have been injured in an amount to be determined at the trial of this action.


### SEVENTH CAUSE OF ACTION
### (Violation of NYLL – Unpaid Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

166.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

167.    The NYLL requires employers to pay promised wages for every hour worked. NYLL §§ 190(10, *et seq.*

168.    Defendants failed to pay Plaintiffs and the Rule 23 Class the promised wage for every hour worked.

169.    Defendants' failure to pay Plaintiffs and the Rule 23 Class the promised wage for every hour worked was not in good faith.

170.    Plaintiffs and the Rule 23 Class are entitled to all unpaid wages, attorneys' fees, liquidated damages and costs.

**EIGHTH CAUSE OF ACTION**
**(Violation of NYLL – Unpaid Uniform Laundering Allowance)**
**(Brought on Behalf of All Plaintiffs and all Rule 23 Class Members)**

171.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

172.    The NYLL requires employers to compensate employees, beyond that specified by the minimum wage for laundering and maintenance of required uniforms in violation of New York State labor regulations. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7.

173.    Defendants failed to pay Plaintiff and the Rule 23 Class additional pay, beyond that specified by the minimum wage for purchasing, laundering and maintenance of required uniforms.

174.    Defendants' failure to pay Plaintiffs and the Rule 23 Class additional pay, beyond that specified by the minimum wage, for laundering and maintenance of required uniforms in violation of New York state labor regulations was not in good faith.

175.    Plaintiffs and the Rule 23 Class are entitled to all costs expended.

## NINTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of All Plaintiffs and all Rule 23 Class Members)

176.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

177.    The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.: and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 P.M. and 6 A.M. NYLL § 162.

178.    Defendants failed to provide the meal periods required by NYLL § 162.

179.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## TENTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Notice and Information about Employment Laws)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

180.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

181.    The NYLL requires employers to maintain adequate and accurate written records of the actual hours worked and the true wages earned by employees. NYLL § 195(4); 12 N.Y.C.R.R. §§ 142-2.6, 146-2.1.

182.   Defendants failed to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiffs and the Rule 23 Class.

183.   Defendants' failure to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiff and the Rule 23 Class was not in good faith.

**ELEVENTH CAUSE OF ACTION**
**(Violation of NYLL – Failure to Pay Employees Minimum of 4 Hours)**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

184.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

185.   The NYLL requires employers to compensate employees a minimum of NYLL § 195(4); 12 N.Y.C.R.R. §§ 142-2.6, 146-2.1.

186.   Defendants routinely had Plaintiffs scheduled to work, and then discharged them without pay after they Plaintiffs and the Putative Class arrived at work.

187.   Defendants also impermissibly would clock Plaintiffs and the Putative Class out for hours at a time claiming work was slow.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated past and present employees, prays for the following relief:

A.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by

RICHARD SHRAGER, PAPA EXPRESS INC., RICH FOODS 37, LLC and PAPA FRESH INC., from October 16, 2007 through November 1, 2013 as hourly employees.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

      B.     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

      C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      D.     Designation of Plaintiffs as Representative Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

      F.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

      G.     Unpaid minimum and over-time wages pursuant to N.Y. Lab. Law Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

      H.     All costs related to of tools-of-the-trade and

      I.     New York Labor Law Section 195 and 196 damages;

      J.     Pre-judgment interest;

K.     An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

L.     After the determination of class-wide liability, of individual damages, and of Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 68 1(1) of the New York Labor Law.

M.     Attorneys' fees and costs of the action; and,

N.     Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 16, 2013

Respectfully submitted,

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
420 Lexington Avenue
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiffs and
the Putative Class*

30