UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

LEANDRO CASTRO, on behalf of himself and        Case No. 13-CV-7365 (AT)
all other similarly situated employees, and
ASHLEY CHAVOUS, on behalf of herself
and all other similarly situated employees,

                Plaintiffs,        **ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT**

    -against-

RICHARD SHRAGER, PAPA EXPRESS INC.,
RICH FOODS 37, LLC and PAPA FRESH INC.,

                Defendants.
----------------------------------------------------------------------X

      Defendants RICHARD SHRAGER, PAPA EXPRESS INC., RICH FOODS 37, LLC and

PAPA FRESH INC. ("Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as

and for their Answer to Plaintiffs' Collective and Class Action Complaint (hereinafter the

"Complaint") set forth the following:

## AS TO THE NATURE OF THE ACTION

1.     Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.     Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.     Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.     Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.     Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.     Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.     Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants neither admit nor deny the allegations set forth in Paragraph 10 of the Complaint as they are not allegations of fact, but claims for relief.

11.     Defendants neither admit nor deny the allegations set forth in Paragraph 11 of the Complaint as they are not allegations of fact, but claims for relief.

## AS TO JURISDICTION AND VENUE

12.     Defendants neither admit nor deny the allegations set forth in Paragraph 12 of the Complaint as they are not allegations of fact, but conclusions of law.

13.     Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Complaint as they are not allegations of fact, but conclusions of law.

14.     Defendants neither admit nor deny the allegations set forth in Paragraph 14 of the Complaint as they are not allegations of fact, but conclusions of law.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants neither admit nor deny the allegations set forth in Paragraph 16 of the Complaint as they are not allegations of fact, but conclusions of law.

17.     Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the Complaint as they are not allegations of fact, but conclusions of law.

18.     Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Complaint as they are not allegations of fact, but conclusions of law.

19.     Defendants neither admit nor deny the allegations set forth in Paragraph 19 of the Complaint as they are not allegations of fact, but conclusions of law.

## AS TO THE PARTIES

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants neither admit nor deny the allegations set forth in Paragraph 26 of the Complaint as they are not allegations of fact, but a definition for use in the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

### AS TO CORPORATE DEFENDANTS ARE A UNIFIED EMPLOYER

29.     Defendants neither admit nor deny the allegations set forth in Paragraph 29 of the Complaint as they are not allegations of fact, but conclusions of law.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

### AS TO FACTS SPECIFIC TO PLAINTIFF LEANDRO CASTRO

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants neither admit nor deny the allegations set forth in Paragraph 37 of the Complaint as they are not allegations of fact, but conclusions of law.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

3

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

## AS TO PLAINTIFF ASHLEY CHAVAVOUS' ALLEGATIONS

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.   Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.   Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.   Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.   Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.   Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.   Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

## AS TO THE CLASS AND COLLECTIVE ALLEGATIONS

68.   Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.   Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.   Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.   Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.   Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.   Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.   Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.   Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.   Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.   Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.   Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.   Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.   Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.   Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.   Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.   Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.   Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants neither admit nor deny the allegations set forth in Paragraph 95 of the Complaint as they are not allegations of fact, but conclusions of law.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants neither admit nor deny the allegations set forth in Paragraph 99 of the Complaint as they are not allegations of fact, but conclusions of law.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107. Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108. Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109. Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

**As To Illegal Deductions – "Tolls (sic) of the Trade" (Uniforms)**

110. Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint.

113. Defendants neither admit nor deny the allegations set forth in Paragraph 113 of the Complaint as they are not allegations of fact, but conclusions of law.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint.

115. Defendants neither admit nor deny the allegations set forth in Paragraph 115 of the Complaint as they are not allegations of fact, but conclusions of law.

116. Defendants neither admit nor deny the allegations set forth in Paragraph 116 of the Complaint as they are not allegations of fact, but conclusions of law.

117. Defendants neither admit nor deny the allegations set forth in Paragraph 117 of the Complaint as they are not allegations of fact, but conclusions of law.

118. Defendants neither admit nor deny the allegations set forth in Paragraph 118 of the Complaint as they are not allegations of fact, but conclusions of law.

119. Defendants neither admit nor deny the allegations set forth in Paragraph 119 of the Complaint as they are not allegations of fact, but conclusions of law.

120. Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

### As To Illegal Deductions – "Tools of the Trade" (Bicycles)

121. Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122. Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint.

124. Defendants neither admit nor deny the allegations set forth in Paragraph 124 of the Complaint as they are not allegations of fact, but conclusions of law.

125. Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

### As To No Spread-of-Hours Pay

126. Defendants neither admit nor deny the allegations set forth in Paragraph 126 of the Complaint as they are not allegations of fact, but conclusions of law.

127. Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128. Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129. Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

### As To Defendants Do Not Provide Statutorily-Required Breaks

130. Defendants neither admit nor deny the allegations set forth in Paragraph 130 of the Complaint as they are not allegations of fact, but conclusions of law.

131. Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132. Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133. Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION

134. In response to Paragraph 134 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 133 of this Answer as though fully set forth herein.

135.     Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

138.     In response to Paragraph 138 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 137 of this Answer as though fully set forth herein.

139.     Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendants neither admit nor deny the allegations set forth in Paragraph 140 of the Complaint as they are not allegations of fact, but conclusions of law.

141.     Defendants neither admit nor deny the allegations set forth in Paragraph 141 of the Complaint as they are not allegations of fact, but conclusions of law.

142.     Defendants neither admit nor deny the allegations set forth in Paragraph 142 of the Complaint as they are not allegations of fact, but conclusions of law.

143.     Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

144.     Defendants deny the allegations set forth in Paragraph 144 of the Complaint.

145.     Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

146.     Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147.     Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

148.     In response to Paragraph 148 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 147 of this Answer as though fully set forth herein.

149.     Defendants neither admit nor deny the allegations set forth in Paragraph 149 of the Complaint as they are not allegations of fact, but conclusions of law.

150.     Defendants neither admit nor deny the allegations set forth in Paragraph 150 of the Complaint as they are not allegations of fact, but conclusions of law.

151.     Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

152.     Defendants deny the allegations set forth in Paragraph 152 of the Complaint.

153.     Defendants deny the allegations set forth in Paragraph 153 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

154.     In response to Paragraph 154 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 153 of this Answer as though fully set forth herein.

155.     Defendants deny the allegations set forth in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations set forth in Paragraph 156 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

157.     In response to Paragraph 157 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 156 of this Answer as though fully set forth herein.

158.     Defendants deny the allegations set forth in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations set forth in Paragraph 159 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

160.     In response to Paragraph 160 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 159 of this Answer as though fully set forth herein.

161.     Defendants deny the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations set forth in Paragraph 165 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

166.    In response to Paragraph 166 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 165 of this Answer as though fully set forth herein.

167.    Defendants neither admit nor deny the allegations set forth in Paragraph 167 of the Complaint as they are not allegations of fact, but conclusions of law.

168.    Defendants deny the allegations set forth in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations set forth in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations set forth in Paragraph 170 of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

171.    In response to Paragraph 171 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 170 of this Answer as though fully set forth herein.

172.    Defendants neither admit nor deny the allegations set forth in Paragraph 172 of the Complaint as they are not allegations of fact, but conclusions of law.

173.    Defendants deny the allegations set forth in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations set forth in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations set forth in Paragraph 175 of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION

176.    In response to Paragraph 176 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 175 of this Answer as though fully set forth herein.

177.    Defendants neither admit nor deny the allegations set forth in Paragraph 177 of the Complaint as they are not allegations of fact, but conclusions of law.

178.    Defendants deny the allegations set forth in Paragraph 178 of the Complaint.

179.    Defendants deny the allegations set forth in Paragraph 179 of the Complaint.

## AS TO THE TENTH CAUSE OF ACTION

180.    In response to Paragraph 180 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 179 of this Answer as though fully set forth herein.

181.    Defendants neither admit nor deny the allegations set forth in Paragraph 181 of the Complaint as they are not allegations of fact, but conclusions of law.

182.    Defendants deny the allegations set forth in Paragraph 182 of the Complaint.

183.    Defendants deny the allegations set forth in Paragraph 183 of the Complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION

184.    In response to Paragraph 184 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 183 of this Answer as though fully set forth herein.

185.    Defendants neither admit nor deny the allegations set forth in Paragraph 185 of the Complaint as they are not allegations of fact, but conclusions of law.

186.    Defendants deny the allegations set forth in Paragraph 186 of the Complaint.

187.    Defendants deny the allegations set forth in Paragraph 187 of the Complaint.

## AS TO THE JURY DEMAND

188.    Defendants deny that Plaintiffs are entitled to a jury trial to the extent that any claims stated herein are not otherwise triable to a jury.

## FIRST AFFIRMATIVE DEFENSE

189.    Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

190.    To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255 (a), or any similar state labor law, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRD AFFIRMATIVE DEFENSE

191.    To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTH AFFIRMATIVE DEFENSE

192.    To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiffs' claims are barred in whole or in part by the

provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### FIFTH AFFIRMATIVE DEFENSE

193. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SIXTH AFFIRMATIVE DEFENSE

194. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SEVENTH AFFIRMATIVE DEFENSE

195. Plaintiffs do not satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

196. There being no appropriate class representative, Plaintiffs' collective and class action allegations must be stricken, and their collective and class action claims dismissed.

### NINTH AFFIRMATIVE DEFENSE

197. This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, they cannot satisfy the requirements under 29 U.S.C. § 216.

## TENTH AFFIRMATIVE DEFENSE

198.    There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH AFFIRMATIVE DEFENSE

199.    Plaintiffs are not "employees" of Defendants as defined by the FLSA and/or NYLL.

## TWELFTH AFFIRMATIVE DEFENSE

200.    Defendants are not an "employer" of Plaintiffs as defined by the FLSA and/or NYLL.

## THIRTEENTH AFFIRMATIVE DEFENSE

201.    Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

202.    To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, and/or laches. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

203.    Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in Plaintiffs' Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of

employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

204.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

205.    Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

206.    Plaintiffs' NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## NINETEENTH AFFIRMATIVE DEFENSE

207.    Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTIETH AFFIRMATIVE DEFENSE

208.    This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' NYLL claim.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

209.    Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

210.    Assuming *arguendo*, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

211.    Assuming *arguendo*, Plaintiffs are entitled to recover additional compensation for themselves personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiffs and/or the purported class are appropriately limited thereby.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

212.    Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

213.    Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

214.    Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

215.    Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, the failure to allege facts showing that Plaintiffs have no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

216.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

217.    To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th

Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### THIRTIETH AFFIRMATIVE DEFENSE

218. To the extent Plaintiffs' NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiffs are barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

219. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

220. The individual Defendant named in this action was not Plaintiffs' employer within the meaning of the FLSA or NYLL.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

221. Defendants have never represented to its customers that any service charge was a gratuity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

222. Defendants charged sales tax in accordance with all applicable provisions of Federal and New York tax law on any service charge.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

223. Defendants included service charges as part of its gross receipts, and service charges were calculated as income for income tax purposes.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

224.    Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all its employees at or above the applicable minimum wage.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

225.    Plaintiffs were not entitled to any notice from Defendants pursuant to New York Labor Law §195 because Plaintiffs commenced and concluded their employment with Defendants, prior to the enactment of any such requirements, and even if Plaintiffs were not provided notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the New York Labor Law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

226.    Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES

227.    Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
      December 18, 2013

                            KAUFMAN DOLOWICH & VOLUCK, LLP

                            By: _____

                                Jeffery A. Meyer
                                Yale Pollack
                             *Attorneys for Defendants*
                             135 Crossways Park Drive, Suite 201
                             Woodbury, New York 11797
                             (516) 681-1100

ND: 4829-2046-6199, v. 1