**GARBARINI FITZGERALD P.C.**
420 Lexington Avenue
Suite 2743
New York, New York 10170
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

January 28, 2014

**VIA ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Castro, et ano v. Richard Shrager, et al.,* **13-cv-7365 (AT)(RLE)**
             **Pre-Motion Letter – Proposed Motion for Conditional Collective Under the
             <u>FLSA and Notice to the Putative Class.</u>**

Your Honor:

      Our firm represents Plaintiffs Elias Matos and Ashley Chavous, who appear in this matter individually and on behalf of all other similarly situated employees.  This pre-motion letter is submitted pursuant to Your Honor's Individual Rule of Practice III(A), seeking permission to move to conditionally certify this matter as a Fair Labor Standards Act ("FLSA") collective action, and a class consisting of all current and former tipped and non-tipped hourly employees of Defendants.

      Provided this Court finds the Plaintiffs have met their burden and allows conditional certification, the proposed motion will seek an Order: (a) approving the text of a *Notice of Pendency* and *Consent to Become a Party Plaintiff*; (b) permitting Plaintiff to circulate the *Notice of Pendency* and *Consent to Become a Party Plaintiff*; (c) requiring Defendants to post each document in a conspicuous location in each of Defendant's restaurants; (d) requiring Defendants provide Plaintiffs'' counsel with all "Form I-9" information including a complete list of names, e-mail addresses, residential addresses, phone numbers, last four digits of their social security numbers and primary spoken and written languages of all class members from six years preceding the filing of the complaint until the date this matter is decided in both paper and electronic form; (e) permitting all putative class members 60 days to opt into this case; and, (f) tolling the statute of limitations for all putative class members from the date of this motion.

While we anticipate the parties continued effort toward an early resolution of this matter, conditional certification as this stage is of paramount importance in the event no resolution can be achieved.

### A. The Proposed Class.

The proposed class consists of all hourly employees at Defendants' Papa John's and Papa John's/Subway quick service restaurants. Defendants' hourly staff consists of two groups, the tipped (delivery workers) and non-tipped (cashiers, phone workers and food preparers) staff. Each group was subject to the same corporate policies that violated the law as follows:

> **Tipped** - all delivery workers, like Plaintiff Leando Castro, were: (i) required to spend the majority of their time performing non-tipped duties depriving Defendants of the benefit of any tip-credit, (ii) not paid some or all over-time compensation due for all hours worked in excess of 40, (iii) not paid spread-of-hours pay as required by the New York Labor law, (iv) compensated below the prevailing minimum wage overt-time rate for any over-time that was paid, (v) routinely required to work off-clock hours, (vi) required to pay for their own uniforms and launder same, (vii) required to pay for their own bicycles, repairs, and reflectors, (viii) were not provided with notice of any tip credit and/or notice in the employees native tongue, (ix) paid at rate lower than minimum wage, and (x) subjected to the illegal retention of tips.
>
> **Non-tipped** – all cashiers phone workers and food preparers, like Plaintiff Ashley Chavous, were: (i) not paid some or all over-time compensation due for all hours worked in excess of 40, (ii) not paid spread-of-hours pay as required by the New York Labor law, (iii) routinely required to work off-clock hours, (iv) required to pay for their own uniforms and launder same, and (v) paid at rate lower than minimum wage.

The policies and procedures which the Plaintiffs were subjected, apply to each and every member of the respective tipped and non-tipped hourly employees. In fact, there is no distinction between the treatment of Plaintiffs and putative class members.

#### i. Standard for Similarly Situated.

The FLSA provides for one or more employees to pursue an action in a representative capacity for "other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) provides a fair and efficient means for individual employees subject to the same illegal practices to bring claims collectively. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The only threshold issue for conditional certification under the FLSA is whether the proposed class of all tipped and non-tipped hourly employees is "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). We respectfully submit the proposed class here satisfies this liberal standard.

While the FLSA does not define "similarly situated," courts understand it to require a showing that the plaintiff ". . . and potential plaintiffs together were victims of a common policy or plan that violated the law." *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 6 (D.D.C. 2010); *Colon v. Major Perry Street Corp.*, No. 12-cv-3788, 2013 WL 3328223, at *4 (S.D.N.Y. Jul. 2, 2013). Courts consider "(1) whether [putative class members] all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief." *Encinas*, 265 F.R.D. at 6. Plaintiffs here will establish through their pleadings, declarations and affidavits that the putative class satisfies each of the forgoing criteria. See *Colon v. Major Perry Street Corp.*, 12-cv-3788, 2013 WL 3328223 (S.D.N.Y. July 13, 2013)("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, or declarations . . ." ); see also *Ali v. N.Y. City Health & Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013).

### B. Notice Requirements.

Provided the Court is satisfied the Plaintiffs have met their burden of establishing the putative class is similarly situated, Plaintiffs will seek Court supervision over the joinder of class-members to assure joinder is accomplished in an efficient way. *See Hoffmann-La Roche*, 493 U.S. at 166, 170-72. To this end, the Court has discretion to facilitate notice to potential plaintiffs of their right to opt-into the action provided such notice is "timely, accurate, and informative." *Id*. at 172. In fact, because the putative class members' rights are not tolled under the FLSA, unlike a Rule 23 class, it is crucial notice of the right to opt-in be issued promptly after the filing of the case, even if there is only a colorable basis for believing the class members may be similarly situated. See *Id*.

### C. Defendants Should Provide Information Necessary to Effectuate Notice.

To facilitate the process of notification, the United States Supreme Court recognized that district courts have the authority to require employers to provide the names and addresses of putative class members, and courts regularly require such production to facilitate notice. *Hoffmann-La Roche*, 493 U.S. at 172; See, e.g., *Encinas*, 265 F.R.D. at 7.

The proposed motion will seek an Order requiring Defendants provide the "Form I-9" information including each putative class member's last known address, e-mail, phone number and contact information in order to assist with the issuance of the notice and to provide counsel with the dates of birth and partial Social Security numbers for any class members whose mailed notice is returned by the post office. The dates of birth and partial Social Security numbers can assist with locating the correct address for those workers so they may receive notice.

Plaintiffs also seek to send a follow-up postcard to any class members who have not responded thirty days after the mailing of the initial notice. Such follow up mailing serves what

the Supreme Court in *Hoffman-La Roche* recognized as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172. *See*, *e.g.*, *Morris v. Lettire Const., Corp.* 896 F. Supp. 2d 265, 174 (S.D.N.Y. 2012)(authorizing the distribution of a "reminder" notice prior to the expiration of the opt-in period because the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in).

Finally, Plaintiffs will also seek an order requiring Defendants post the approved notice at each of Defendants' restaurants in the same areas in which they are required to post FLSA notices. See 29 C.F.R. 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy").

### D.  Conclusion.

For all of the foregoing reasons, we respectfully request this Court allow Plaintiffs to proceed with the proposed motion.

### E.  Proposed Schedule for the Motion.

- Moving papers due on or before February 14, 2013.

- Opposition papers due on or before February 28, 2014.

- Reply, if necessary, due on or before March 7, 2014.

**GARBARINI FITZGERALD P.C.**

By:_____
Richard M. Garbarini

cc:    Yale Pollack (attorney for Defendants)(by ECF)